UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RONNIE BEE CISLO, KEVIN RYAN, BRYAN LUMPP, BRANDON SUMMERLIN, BLAKE AMOR, BLAKE BROWN, KEVIN CRABB, BRAD ELDRIDGE, MICHAEL UDROW, BRANDON BERNACCHI, ROBERT WISNIEWSKI, BEN HEIMANN, MARTY TINDLE, JEREMY HENSTROM, KEVIN COBURN, TYLAR WEBBER, DANIEL BOUSH, CHARLES SCOTT, BRYCE BERNACCHI, GREGORY GILMORE, CODY BRYANT, GYLE DELRIO, ALEXA MARIE MURPHY, ANGELA ODAY, SEVEN ALBIN, TIFFANY COATES, ODESSA CAMPBELL, ASHLEY WYSE, ASHLEY ARNDT, MICHELLE FLORES, JOY NAOMI FEARE, DAWN REED, MADISON KLABINSKI, BRIGHTON KLABINSKI, ASHLEY MARSHALL, JUDY WILKE, MADISON KOBOLT, TARA SMITH, PAIGE FINDLEY, SAM FORD, BRITTANY LAWSON, PRE-TRIAL DETAINEES OF LAPORTE COUNTY JAIL, <br><br> Plaintiffs, <br><br> v. <br><br> LAPORTE COUNTY JAIL, QUALITY CORRECTIONAL CARE LLC, DR. TCHETTCHAT, <br><br> Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>CAUSE NO.: 3:19-CV-765-JD-MGG |

## OPINION AND ORDER

Ronnie Bee Cislo, a prisoner, filed this case without a lawyer asking to proceed as a class action on behalf of all past, present, and future pre-trial detainees at the LaPorte County Jail. However, it would be "plain error to permit this imprisoned litigant who

is unassisted by counsel to represent his fellow inmates in a class action." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Hagan v. Rogers*, 570 F.3d 146, 159 (3rd Cir. 2009). "Under Rule 23(a)(4), a class representative must fairly and adequately protect the interests of the class. A litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others." *Fymbo v. State Farm*, 213 F.3d 1320, 1321 (10th Cir. 2000) (citations and quotation marks omitted). Therefore the request to proceed as a class action must be denied.

Cislo signed the complaint under penalty of perjury declaring that he would pre-pay the full filing fee or seek leave to proceed in forma pauperis; that he would keep a copy of the complaint for his records; that he would notify the court of any change of address; and that the statements in the complaint were true. Forty other inmates signed a separate page that was filed with the complaint. It is unclear whether any of them understood that they were joining a federal lawsuit; that each of them are separately representing themselves individually because Cislo is not an attorney and cannot represent them; that they must each sign every future filing submitted to the court; and that they are each individually required to pay the full filing fee without regard to how much any of the other inmate plaintiffs may have paid. *See Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004) (A prisoner is required to pay the full filing fee "whether or not anyone else is a co-plaintiff.").

"[C]omplaints filed by multiple prisoners [can proceed] if the criteria of permissive joinder are satisfied." *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004). In

2

addition to the requirements listed in Federal Rule of Civil Procedure 20(a)(1), the Seventh Circuit has recognized that a district court has discretion to also consider "other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness [or would] create prejudice, expense or delay . . .." *Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir., 2001) (quotation marks and citations omitted). Based on the facts of this case, joinder of these forty-one unrepresented jail inmates is not appropriate.

None of the plaintiffs are lawyers and none of them may represent any of the others. *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007); *Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147, 1149 (7th Cir. 2001); *Nowicki v. Ullsvik*, 69 F.3d 1320, 1325 (7th Cir. 1995). Because of this, each plaintiff must read and sign every filing. As explained, because of the way the complaint was signed, it is unclear what each plaintiff intended and understood. Moreover, gathering signatures at the beginning of a lawsuit is easier than at any other time. Inmates are constantly being released from custody, transferred to another facility, and relocated within a facility. Once convicted, an inmate can be relocated at any time without notice. *See Sandin v. Conner*, 515 U.S. 472, 485 (1995).

When the plaintiffs are no longer housed together in the same unit, it may be impossible obtain each other's signatures. Federal Rule of Civil Procedure 5(a) requires all filings be served on every other party, including any plaintiff who did not sign it. This would impose an additional cost on the plaintiffs. In addition, institutional rules prohibit inmates from corresponding within and between facilities for security reasons. *See Koger v. Bryan*, 523 F.3d 789, 800 (7th Cir. 2008) ("Concerns of security are to be

given 'particular sensitivity.'") and *Whitley v. Albers*, 475 U.S. 312, 321–22 (1986) (Internal security is particularly a matter normally left to the discretion of jail administrators.). If a plaintiff does not comply with Rule 5, he is not only in violation of the Federal Rules, the other plaintiffs are left ignorant of the activity in the case.

These plaintiffs are in a county jail where they may be pre-trial detainees, convicted prisoners, or a mixture of both. The legal standards for those classes of inmates are different. *See Kingsley v. Hendrickson*, 576 U.S. __, __; 135 S.Ct. 2466, 2473 (2015) and *Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019). Exhaustion of administrative remedies is required by 42 U.S.C. § 1997e(a). Each inmate must separately exhaust his own claims before filing suit. Therefore, though housed together, there are several different legal standards governing the claims brought by these inmates.

Therefore, it would be fundamentally unfair for this case to proceed with multiple unrepresented, prisoner plaintiffs. However, pursuant to Federal Rule of Civil Procedure 21, "on its own, the court may at any time, on just terms, . . . drop a party." *Cf. Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A district judge [can] solve the problem by severance (creating multiple suits that can be separately screened) . . .."). Here, it is just to open a separate case for each of these plaintiffs. This resolves the problems discussed above. It allows for the efficient, individual determination of each plaintiff's case. Yet, it does not preclude any plaintiff from cooperating with any others to the extent he is able. Neither does it preclude future consolidation pursuant to Rule 42(a) if that is appropriate at any stage of the

proceeding. Separate lawsuits will "secure the just, speedy, and inexpensive determination of [this] proceeding." Federal Rule of Civil Procedure 1.

For these reasons, the court:

(1) DENIES the request to proceed as a class action;

(2) DISMISSES Kevin Ryan, Bryan Lumpp, Brandon Summerlin, Blake Amor, Blake Brown, Kevin Crabb, Brad Eldridge, Michael Udrow, Brandon Bernacchi, Robert Wisniewski, Ben Heimann, Marty Tindle, Jeremy Henstrom, Kevin Coburn, Tylar Webber, Daniel Boush, Charles Scott, Bryce Bernacchi, Gregory Gilmore, Cody Bryant, Gyle DelRio, Alexa Marie Murphy, Angela Oday, Seven Albin, Tiffany Coates, Odessa Campbell, Ashley Wyse, Ashley Arndt, Michelle Flores, Joy Naomi Feare, Dawn Reed, Madison Klabinski, Brighton Klabinski, Ashley Marshall, Judy Wilke, Madison Kobolt, Tara Smith, Paige Findley, Sam Ford, Brittany Lawson, and Pre-trial Detainees of LaPorte County Jail;

(3) DIRECTS the clerk to open a separate case for Kevin Ryan, Bryan Lumpp, Brandon Summerlin, Blake Amor, Blake Brown, Kevin Crabb, Brad Eldridge, Michael Udrow, Brandon Bernacchi, Robert Wisniewski, Ben Heimann, Marty Tindle, Jeremy Henstrom, Kevin Coburn, Tylar Webber, Daniel Boush, Charles Scott, Bryce Bernacchi, Gregory Gilmore, Cody Bryant, Gyle DelRio, Alexa Marie Murphy, Angela Oday, Seven Albin, Tiffany Coates, Odessa Campbell, Ashley Wyse, Ashley Arndt, Michelle Flores, Joy Naomi Feare, Dawn Reed, Madison Klabinski, Brighton Klabinski, Ashley Marshall, Judy Wilke, Madison Kobolt, Tara Smith, Paige Findley, Sam Ford, and Brittany Lawson, with the complaint from this case (ECF 1) and a copy of this order; and

5

(4) DIRECTS the clerk to directly assign these related, newly opened cases pursuant to N.D. Ind. L.R. 40-1(e).

SO ORDERED on September 20, 2019

                                                /s/ JON E. DEGUILIO
                                        JUDGE
                                        UNITED STATES DISTRICT COURT